# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| RICHARD GWALTNEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:15CV771 |
| | ) | |
| ROBERT BARBOUR, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION, ORDER, AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This case comes before the Court on Plaintiff's Application to Proceed In Forma Pauperis (Docket Entry 1) in conjunction with his pro se Complaint (Docket Entry 2). The Court will grant Plaintiff's instant Application for the limited purpose of recommending dismissal for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted.

## LEGAL BACKGROUND

"The federal *in forma pauperis* statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts solely because his poverty makes it impossible for him to pay or secure the costs." Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953 (4th Cir. 1995) (en banc) (internal quotation marks omitted). "Dispensing with filing fees, however, [is] not without its problems. . . . In particular, litigants suing in forma pauperis d[o] not need to balance the prospects of successfully obtaining

relief against the administrative costs of bringing suit." Nagy v. FMC Butner, 376 F.3d 252, 255 (4th Cir. 2004).

To address this concern, the in forma pauperis statute provides that "the court shall dismiss the case at any time if the court determines . . . (B) the action . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2). A complaint falls short of stating a claim upon which relief may be granted when it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause

2

of action, supported by mere conclusory statements, do not suffice." Id.[1]

## **ANALYSIS**

Plaintiff's Complaint seeks redress for Defendant's purported "[i]ntimidation[,] [p]roperty [p]ossession, [and] failure to follow Fair Labor Standards" by not paying back pay for salary increases and accrued vacation pay. (Docket Entry 2 at 2; see also id. (alleging "[f]ailure to give back pay for salary [i]ncreases $1.00 X 26 X 40 hours $640.00," and "Terminate on 12.27.14 Anniversary date of 01.02.15=1 wkwks [sic] vacation $1,200").) Plaintiff's only federal claim, for violation of the Fair Labor Standards Act ("FLSA"), fails as a matter of law because the FLSA does not require pay raises and vacation pay and "does not provide wage payment or collection procedures for an employee's usual or promised wages or commissions in excess of those [minimum and overtime wages] required by the FLSA." Handy Reference Guide to the Fair Labor Standards Act, at p. 1 (Sept. 24, 2015), http://www.dol.gov/whd/regs/compliance/wh1282.pdf; see also Fair

---

[1] Although "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (dismissing pro se complaint); accord Atherton v. District of Columbia Office of Mayor, 567 F.3d 672, 681 82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 679, respectively)).

3

Labor Standards Act of 1938, Ch. 676, 52 Stat. 1060 (codified as amended at 29 U.S.C. §§ 201-219); McMurray v. LRJ Rests., Inc., 4:10-CV-01435, 2011 WL 247906, at *2 (D.S.C. Jan. 26, 2011) (unpublished) (holding that the FLSA did not preempt the plaintiff's claim for failure to pay salary raises); Nimmons v. RBC Ins. Holdings (USA) Inc., 6:07-CV-2637, 2007 WL 4571179, at *2 n.1 (D.S.C. Dec. 27, 2007) (unpublished) (holding that the plaintiff's claim against the defendant "for failure to pay accrued vacation pay [was] not preempted or otherwise foreclosed by the FLSA claim"). Notably, Plaintiff does not allege that he was paid less than minimum wage or that he was not paid overtime as provided for under Sections 206 and 207 of the FLSA. (See Docket Entry 2.) Therefore, the Complaint fails to state a valid FLSA claim.

Beyond the FLSA, the Complaint makes reference to several discrimination-related claims, but provides no supporting facts or allegations that would entitle him to relief: "Due Damages- EEOC Investing [sic] under way -Ruled in favor of Mr. Gwaltney[,] Estimated 500,000-2,000,000 -Sexual Harassment[,] -Age-Over 40[,] -Disability-Diabetic/Medication Pyc.[,] -Medical-Diabetic[,] -Sex-Male, White." (Id. at 4.) In the employment setting, federal causes of action exist for sexual harassment, see Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000, et seq., age discrimination, see The Age Discrimination in Employment Act of 1967, 29 U.S.C. 621, et seq., and discrimination against people

4

with disabilities, see Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq., but Plaintiff has failed to include any allegations in the Complaint concerning Defendant's alleged discriminatory practices (see Docket Entry 2 at 2-4) and thus his Complaint fails to state a federal claim.[2]

Given the absence of a viable federal claim and of grounds for the exercise of diversity jurisdiction,[3] any remaining state law claims should not proceed in this Court. See, e.g., 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a [state] claim . . . [when] the district court has dismissed all claims over which it has original jurisdiction . . . ."); United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966) ("[I]f the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."); Waybright v. Frederick Cty., Md., 528 F.3d 199, 209 (4th Cir. 2008) ("With all its federal

---

[2] Because Plaintiff conceivably could state a federal discrimination related claim, the Court should dismiss those claims without prejudice.

[3] The Complaint alleges that Plaintiff is a resident of Kannapolis, North Carolina, and that Defendant is a resident of Concord, North Carolina. (Docket Entry 2 at 1.) Therefore, Plaintiff has also failed to carry his burden of establishing diversity jurisdiction, see 28 U.S.C. § 1332(a). See, e.g., Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 553 (2005) ("[T]he presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action."); Sanderlin v. Hutchens, Senter & Britton, P.A., 783 F. Supp. 2d 798, 801 (W.D.N.C. 2011) ("Plaintiffs have not satisfied the complete diversity requirement. Specifically Plaintiffs and Defendant Hutchens, Senter & Britton, P .A. are both citizens of North Carolina.").

questions gone, there may be the authority to keep [the case] in federal court . . . but there is no good reason to do so.").

**IT IS THEREFORE ORDERED** that Plaintiff's Application to Proceed In Forma Pauperis (Docket Entry 1) is **GRANTED** for the limited purpose of considering this recommendation of dismissal.

**IT IS RECOMMENDED** that all federal claims in this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B), for failure to state a claim, without prejudice as to any discrimination-related claim(s).

**IT IS FURTHER RECOMMENDED** that the Court decline supplemental jurisdiction over any state law claims, pursuant to 28 U.S.C. § 1367(c)(3).

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

September 30, 2015